THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MA-
RIANO BERRÍOS LEBRÓN, Defendant and Appellant. SAME
*v.* SAME.

Nos. 10253 and 10254. Argued December 7, 1943.—Decided February, 9, 1944.

*Cruz Ortiz Stella* for appellant.    *R. A. Gómez, Prosecuting Attorney
(Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting
Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

These two cases are here on appeal from judgments of
the district court sentencing the defendant to fines of $10
in each case for the crime of malicious mischief and for
violation of §517 of the Penal Code.[1]  The charge was that
the defendant had cut down and carried away some *guaba*
trees and coffee plants on land belonging to the complain-
ing witnesses.  One of the alleged errors was that the proof
was not sufficient to sustain the judgment.

The cases were heard jointly in the lower court.
One of the complaining witnesses, Enriqueta Morales, testi-
fied that her family had originally come to live on the land
in question as *agregados;* that by a verbal agreement her

---

[1]Section 517 reads in part that "Every person who wilfully commits any
trespass by either: 1. Cutting down, destroying, or injuring any kind of wood
or timber standing or growing upon the lands of another . . . is guilty of mis-
demeanor."

father had bought this land from Antonio Berríos, a brother of the defendant; that the right of her family to possession of the farm is now in litigation; and that as alleged in the complaints, the defendant had entered the property and cut down and carried away with him *guaba* trees and coffee planted on the land in question.

The defendant's testimony was to the effect that he and the other heirs of his father were the owners of this land; that his father had not sold the farm; and that the Morales family were still *agregados* thereon and were now claiming ownership of the land because of their possession thereof for a certain period of time.

The facts herein did not warrant conviction for the crimes charged. The requisite malice and wilfulness were never shown. On the contrary, the matter is clearly one which simply involves a *bona fide* dispute as to the ownership of land. "The machinery of the criminal law cannot be properly invoked for the redress of merely private grievances." [2]

We are not to be understood as holding that the mere *ipse dixit* of a defendant that he held some sort of ownership interest in the land, would be sufficient to absolve him in every case from the crimes charged herein. But if the evidence of the complaining witnesses themselves show, as here, that the action of the defendant was predicated on a claim of ownership about which a legitimate dispute exists, the parties must obtain redress for such injuries as alleged in this case in a civil suit. To hold otherwise would be to convert a criminal case into a suit to try title or the right to possession thereof. This is a well-established doctrine which this Court has followed in several cases. *The People* v. *González et al.*, 15 P.R.R. 677; *The People* v. *Maldonado*,

---

[2] *Hughes* v. *State*, 103 Ind. 344, as quoted in *People* v. *Reyes. et al.*, 24 P.R.R. 156, 159.

15 P.R.R. 756; *People* v. *Reyes et al.*, 24 P.R.R. 156; *People* v. *Galeno*, 61 P.R.R. 394.

The judgments of the district court will be reversed and new judgments entered acquitting the defendants.